UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CHARLES SPEIRS,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY A. UTTECH,<br><br>　　　　　　　Respondent. | No. C06-1543-JCC<br><br>ORDER |

　　This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No. 32), Petitioner's Objections thereto (Dkt. No. 33), and Respondent's Response (Dkt. No. 34). Having reviewed the materials submitted by the parties, and finding that oral argument is not necessary, the Court adopts the R&R.

**I.　ANALYSIS**

　　Petitioner objects to the R&R, claiming (1) that not being invited to speak at his hearing was a denial of due process, and (2) that his other claims should not be dismissed for procedural defects because he either exhausted his state remedies or had cause for his failure to do so. His objections do not raise any new issues, nor does Petitioner present any new evidence.

ORDER – 1

### A. Failure to Invite Allocution

Petitioner alleges that the failure of the judge to invite allocution at his hearing was a violation of his due process rights. Magistrate Judge Theiler correctly noted that the U.S. Supreme Court has not recognized a constitutional right of allocution. The U.S. Supreme Court has specifically held that "the failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional." *Hill v. United States*, 368 U.S. 424, 428 (1962). The Court distinguished that case—where the defendant had not been invited to speak—from a hypothetical situation where the defendant was affirmatively denied an opportunity to speak. The Ninth Circuit has held that where a defendant has requested to speak, the denial of allocution is unconstitutional. *Boardman v. Estelle*, 957 F.2d 1523 (9th Cir. 1992). In Petitioner's case, he did not request to speak at his hearing; therefore *Boardman* is inapplicable. The fact that Petitioner was not invited to speak is not a constitutional violation, and the Magistrate Judge's decision to this effect is affirmed.

### B. Exhaustion of State Remedies

Prior to filing for habeas relief, petitioners must either exhaust all state remedies, 28 U.S.C. § 2254(b)(1)(A), or show cause for failing to do so and show resulting prejudice. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). The Magistrate Judge held that Petitioner failed to present his claims to any state court. Petitioner argues that he (1) exhausted his claim of insufficient evidence and (2) had cause for failing to exhaust his other claims, and that prejudice resulted.

#### 1. Exhaustion of Insufficient Evidence Claim

Although Petitioner did present his claim of insufficient evidence to the Washington Court of Appeals, he did not raise this issue as a double jeopardy claim or any other federal claim. His appeal was based entirely on state law. The Magistrate Judge correctly held that Petitioner failed to exhaust state remedies for the federal double jeopardy claim.

ORDER – 2

### 2. Cause for Failure to Exhaust State Remedies

Petitioner alleges that he failed to exhaust state remedies because of physical illness and because he was unable to freely communicate with his attorney because of he feared physical harm if other prisoners found out he was a sex offender. However, he provides no evidence or specifics for these claims. The Magistrate Judge correctly held that Petitioner fails to demonstrate cause for his failure to exhaust state remedies.

## II. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation. Petitioner's habeas petition is DISMISSED with prejudice. The Clerk is DIRECTED to send copies of this Order to all parties and to Judge Theiler.

SO ORDERED this 11th day of June, 2007.

John C. Coughenour
United States District Judge

ORDER – 3